IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02589-BNB

CHRISTOPHER WHITE, 130467,

    Plaintiff,

v.

JUDGE LILLY W. OEFFLER,
CHARLES TINGLE, District Attorney, and
JENNA REULBACH, P.C. , Attorney,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Christopher White, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the correctional facility in Sterling, Colorado. Mr. White, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to 42 U.S.C. § 1983 challenging the validity of a state court criminal conviction. For the reasons stated below, the action will be dismissed.

    The Court must construe the Prisoner Complaint liberally because Mr. White is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court does not act as an advocate for a *pro se* litigant. *See id*.

Mr. White asserts that (1) the judge who presided over his criminal trial made inappropriate remarks in open court; (2) the district attorney called him a liar multiple times and threatened the State's witnesses with prison time if they did not testify; and (3) his attorney instructed him to participate in a polygraph test, even though she was not present during the test, which lasted for six days. Mr. White seeks money damages and a transfer to a "safer prison." Compl., ECF No. 1, at 8.

Mr. White's claims for damages may be asserted in a § 1983 action. The claims, nonetheless, are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87.

Based on Mr. White's description of the nature of this case, it is apparent that he has not invalidated the conviction and sentence at issue. The Court, therefore, finds that Mr. White's claims for damages challenging the validity of his state court criminal resentencing are barred by the rule in *Heck* and must be dismissed. Although these claims will be dismissed without prejudice, *see Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996), they will be dismissed for failure to state a claim, *see Hafed v. Fed. Bureau of Prisons, et al.*, 635 F.3d 1172 (10th Cir. 2010) (citing *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248-49 (10th Cir. 2007). Because the Court is dismissing the action for failure to state a claim, the Court will refrain from addressing Mr. White's request to be transferred to a safer prison.

The Court also notes that Mr. White's Complaint suffers from other deficiencies. Defendant Judge Lilly W. Oeffler is absolutely immune from liability in civil rights suits when she acts in her judicial capacity, unless she acts in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Judge Oeffler was acting in her judicial capacity when she convicted and sentenced Mr. White; she was not acting in the clear absence of all jurisdiction. Therefore, the claims Mr. White asserts against Judge Oeffler are barred by absolute judicial immunity.

Defendant Charles Tingle enjoys immunity from suit under 42 U.S.C. § 1983 based on his prosecutorial activities. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976). Mr. White's allegations against Defendant Tingle involve no more than acts that are " 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991). Therefore, Defendant Tingle is an inappropriate party to this action based on absolute immunity.

Defendant Jenna Reulbach, whether a private attorney or a public defender who represented Mr. White, is not a state actor under § 1983 and is not a proper party to this action. *Polk County v. Dodson*, 454 U.S. 312, 318 and 325 (1981).

Based on the above findings, the Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. White files a notice of appeal he must also pay the

full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and to 28 U.S.C. § 1915(e)(2)(B)(ii). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this   25th   day of    October    , 2012.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court